# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Joshua M. Hanley, on behalf of himself and all others similarly situated, ) ) ) | Civil Action No: 3:18-cv-02687-MGL |
| Plaintiffs, ) ) | |
| v. ) ) | **CLASS ACTION COMPLAINT** **(JURY TRIAL DEMANDED)** |
| Ameris Bank, ) ) | |
| Defendant. ) | |

Plaintiff Joshua M. Hanley, on behalf of himself and all others similarly situated, complaining of the Defendant Ameris Bank ("Ameris") would respectfully show as follows:

## INTRODUCTION & NATURE OF THE ACTION

Defendant Ameris is a large regional bank with a strong mortgage lending presence in South Carolina. Ameris is particularly active in extending federally related mortgage loans to purchasers of new homes from large homebuilders. Many large homebuilders strongly encourage their purchasers to obtain financing through the homebuilder's "Preferred Lender." Ameris is frequently listed as a Preferred Lender of these homebuilders and, for some homebuilders, Ameris is their exclusive Preferred Lender. In connection with obtaining this Preferred Lender status, Ameris enters into a "Marketing Agreement" with certain large homebuilders under which Ameris makes cash payments to these homebuilders for purported marketing and advertising activities. On October 8, 2015, the Consumer Financial Protection Bureau issued a compliance bulletin to "remind participants in the mortgage industry on the prohibition on kickbacks and referral fees under the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. 2601 *et seq.*) and describe the substantial risks posed by entering marketing services agreements (MSAs)." CFPB Compliance Bulletin 2015-05. The CFPB goes on to advise participants in the mortgage lending

industry "[t]hat based on the Bureau's investigative efforts, it appears that many MSAs are designed to evade RESPA's prohibition on the payment and acceptance of kickbacks and referral fees." *Id.* The CFPB recognizes that many "MSAs are usually framed as payments for advertising or promotional services, but in some cases the payments are actually disguised payments for referrals." *Id.* Despite the clear warning from the CFPB regarding lenders entering into marketing agreements with third parties such as homebuilders, Ameris continues to enter into and operate under such agreements where the payments from Ameris are simply disguised payments for referrals.

This is a proposed class action under Rule 23, Fed. R. Civ. P., seeking statutory damages and attorney's fees under RESPA to redress Ameris' widespread and uniform violation of RESPA's prohibition on payment of referral fees and illegal kickbacks.

## **PARTIES AND JURISDICTION**

1. Plaintiff resides in Lexington County, South Carolina, having purchased a new home from Mungo Homes in the Madison Park subdivision in Lexington County on June 8, 2018. Plaintiff obtained a mortgage loan from Ameris to make this home purchase.

2. Defendant Ameris is a state chartered bank with its principal place of business in Moultrie, GA, but it does significant business in South Carolina and this district.

3. The matters complained of herein arise from Ameris' unlawful payment of kickbacks and referral fees to large homebuilders in South Carolina in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.

4. This Court has jurisdiction over the parties and federal question subject matter jurisdiction under RESPA, 12 U.S.C. § 2601 *et seq*.

5. Venue is proper in this division as (1) Ameris maintains a substantial presence in this division; (2) the transaction involving the Plaintiff occurred in this division; and (3) the transaction and mortgage loan involves property within this division.

## THE CLASS MEMBERS

6. The members of the putative class include all persons, excluding Ameris' agents or principals, who in the last year have applied for and received mortgage loans from Ameris to purchase a new home from any homebuilder to whom Ameris pays cash or provides any other thing of value in exchange for the homebuilder referring or steering the purchaser to Ameris for financing.

## FACTS

7. Ameris is a national bank, and it regularly makes federally related mortgage loans to persons in South Carolina in connection with the purchase of a new home from large homebuilders. A large number of these persons are referred to Ameris by such large homebuilders in exchange for cash payments and other valuable consideration given to these homebuilders by Ameris.

8. Ameris is a "person" as that term is defined under RESPA, 12 U.S.C.A. § 2602(5), and is therefore subject to the provisions of RESPA Section 8, 12 U.S.C.A § 2607(a).

9. Plaintiff obtained a federally related mortgage loan from Ameris in connection with the purchase of a new home from Mungo Homes on June 8, 2018. As part of this loan, Ameris charged Plaintiff certain settlement service charges in the form of origination fees and other costs. These fees and costs are commonly charged to all borrowers from Ameris including all putative class members.

10. As is common with a number of large homebuilders, Mungo Homes designates Ameris as its "Preferred Lender."

11. In connection with Plaintiff's purchase of the home, Mungo Homes and its agents actively steered Plaintiff to obtain mortgage financing through Ameris.

12. Upon information and belief, Ameris entered into a marketing services agreement with Mungo Homes under which Ameris pays substantial fees to Mungo Homes.

13. These fees are disguised as payments for advertising, marketing or promotional services, but in actuality the fees are payments for referrals for borrowers obtaining federally related mortgage loans.

14. Upon information and belief, Ameris' employees and agents also provide officers, owners and employees of Mungo Homes with certain "things of value" (e.g. trips, meals, and other entertainment) in exchange for referrals of home purchasers of Mungo Homes to Ameris so that Ameris can secure the federally related mortgage loan in connection with the home purchase.

15. The above described payments and conduct are not unique to the Plaintiff's transaction and constitute the routine and uniform practice of Ameris in dealing with large homebuilders including, but not limited to, Mungo Homes.

**FOR A CAUSE OF ACTION: AMERIS' VIOLATION OF SECTION 8 OF RESPA**

16. The allegations of Paragraphs 1 through 15 above are re-alleged and incorporated herein.

17. Congress enacted RESPA as a response to the abuse in the real estate settlement process. Thus, a primary purpose of RESPA is to eliminate kickbacks or referral fees that tend to increase unnecessarily the costs of the settlement services. Section 8(a) of RESPA prohibits the giving and accepting of "any fee, kickback or thing of value pursuant to any agreement or

4

understanding, oral or otherwise, that business incident to or a part of the real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. 2607(a).

18.     As set forth herein above, Ameris has violated RESPA by making illegal payments and providing other things of value to Mungo Homes and other large homebuilders in exchange for referrals for federally related mortgage lending business, and the Plaintiff and the putative class members have been commonly and typically harmed by Ameris' conduct including, but not limited to, statutory damages as set forth in RESPA, 12 U.S.C. § 2607(d)(2). The Plaintiff and the putative class members further seek an award of costs and reasonable attorney's fees pursuant to 12 U.S.C. § 2607(d)(5).

## CLASS ALLEGATIONS

19.     The Rule 23 class is defined as those persons in South Carolina who in the last year have applied for and received federally related mortgage loans from Ameris to purchase a new home from any homebuilder to whom Ameris pays cash or provides any other thing of value in exchange for the homebuilder referring or steering the purchaser to Ameris.

20.     Plaintiff Joshua Hanley is an adequate representative of the class because his claims are typical of the claims of class members, and his claims are common to the class. His undersigned counsel are experienced in both the prosecution and defense of Rule 23 class claims.

21.     The size of the class is so numerous that joinder of all members is impractical.

22.     Plaintiff Joshua Hanley does not have any interests antagonistic to the interests of the class.

23.     There are questions of law and fact common to Plaintiff and all members of the class that predominate over any individual questions of law or fact.

24. Class treatment of the issues in this case is superior to the alternatives, if any, for the fair and efficient adjudication of such issues because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single form simultaneously and efficiently.

25. The amount in controversy exceeds one hundred dollars for each class member.

26. The members of the Plaintiff class are readily discernable from the business records of Ameris.

27. The action is manageable as a class action.

28. On information and belief, Plaintiff Joshua Hanley is entitled to an order certifying a class pursuant to Rule 23, Fed. R. Civ. P., as defined in paragraph 8 above, and a judgment against Ameris in amounts specified by RESPA.

WHEREFORE, Plaintiff Joshua Hanley prays for an order as follows:

1. Certifying a Plaintiff Class pursuant to Rule 23, SCRCP;
2. Appointing Plaintiff as representative of the Plaintiff Class;
3. Appointing the undersigned as counsel for the Plaintiff Class;
4. Awarding judgment to the class in an amount required by RESPA;
5. For costs, and an award of attorney fees; and
6. For such other relief as is just and proper.

By:   s/Thornwell F. Sowell, III
        Charles H. McDonald (Fed I.D. No.: 06741)
        McDONALD LAW, LLC
        1325 Park Street, Suite 300
        Columbia, SC 29201
        (803) 929-0096

        and

Thornwell F. Sowell III (Fed I.D. No.: 4244)
SOWELL & DuRANT, LLC
1325 Park Street, Suite 100
Columbia, South Carolina 29201
(803) 722-1100

***Attorneys for Plaintiff and all others similarly situated***

Columbia, South Carolina
October 2, 2018